**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMY L. FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 25-281 |
| v. | ) |
| | ) |
| WEALTH ENHANCEMENT GROUP, | ) |
| LLC, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

In this employment action, Plaintiff Amy Fox ("Fox" or "Plaintiff") brings claims for sex/pregnancy discrimination and retaliation against her former employer, Defendant Wealth Enhancement Group, LLC ("WEG" or "Defendant"). (Docket No. 30). Presently before the Court is Defendant's contested motion for summary judgment. (Docket No. 36). In Plaintiff's oppositional briefing, she objected to three exhibits submitted by Defendant as inadmissible hearsay under Federal Rule of Evidence 803(6)(b). (Docket No. 44). The exhibits at issue, Exhibits 4, 5, and 10, consist of typed notes created by Plaintiff's supervisor which detailed Plaintiff's work performance and their meetings or discussions regarding same. (Docket Nos. 38-4; -5; -10).[1] At the Court's direction, the parties submitted supplemental briefing as to the admissibility of these exhibits under Rule 803(6)(b). (Docket Nos. 56, 58, 63, 68, 71). As such, the matter is fully briefed and ripe for disposition. Upon consideration of the parties' supplemental

---

[1] Defendant also filed a motion for leave to file certain documents under seal along with its summary judgment motion. (Docket No. 34). The documents Defendant seeks to seal include Exhibits 4, 5, and 10. (Docket No. 35). Defendant's motion to seal will be addressed separately as the Court agreed to hold in abeyance a ruling on same pending disposition of Plaintiff's hearsay objections during a video status conference with counsel on February 6, 2026. (Docket No. 55).

1

briefs and for the following reasons, Plaintiff's objections are overruled and the Court will consider Exhibits 4, 5, and 10 in deciding Defendant's motion for summary judgment.

As referenced above, the three exhibits presently at issue are notes authored by Plaintiff's immediate supervisor, Nicole Parsons ("Parsons"), regarding Plaintiff and her work performance. (Docket Nos. 38-4; -5; -10).  Exhibit 4 is primarily contemporaneous summaries of Parsons' conversations with Plaintiff about her performance and productivity.  (Docket No. 38-4).  Parsons created this document after her manager, Dan Hogan ("Hogan"), requested that she keep him updated on her ongoing conversations with Plaintiff and "recap notes and discussions" from same. (Docket No. 46-5 at 39, Parsons Dep. 150:1–21).  In addition to asking for updates, Hogan also instructed Parsons to reach out to Human Resources ("HR") for guidance on how to handle her concerns about Plaintiff's work performance.  (Docket No. 46-3 at 12, Hogan Dep. 44:19–22). Exhibit 5 is an email Parsons sent to her HR Business Partner, Sarah Lommel ("Lommel"), which included the emails she had exchanged with Hogan up to that point, as well as some of the typed notes in Exhibit 4.  (Docket No. 38-5).

Exhibit 10 is a document that Parsons put together following a conversation with Plaintiff where Plaintiff expressed concern about not receiving the same opportunities "to learn and do different types of work" as the other members on her team.  (Docket No. 46-5 at 38, Parsons Dep. 148:4–10).  This prompted Parsons to review "previous meetings and notes," compile a list of the "opportunities to learn" that had been presented to Plaintiff in the previous months, and follow up with Plaintiff regarding same.  (*Id.* at 148:16–149:1).

Relevant here, summary judgment is appropriate when the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact is one that could affect

the outcome of litigation. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In terms of procedure, the Court may accept any facts which are admitted by the opposing party or those that are deemed admitted because they are not sufficiently supported in accordance with the rules. *See* Fed. R. Civ. P. 56(e)(2); *see also* LCvR 56.E. In addition, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). With respect to hearsay statements,

> [T]he rule in this circuit is that hearsay statements can be considered on a motion for summary judgment if they are *capable of being admissible at trial*. In ruling on a motion for summary judgment, the court need only determine if the nonmoving party can produce admissible evidence regarding a disputed issue of material fact at trial. The proponent need only explain the admissible form that is anticipated.

*Fraternal Ord. of Police, Lodge 1 v. City of Camden* ("*FOP*"), 842 F.3d 231, 238 (3d Cir. 2016) (internal quotation marks and citations omitted).

With respect to the exhibits at issue here, Plaintiff argues that Parsons' notes contain inadmissible hearsay and do not satisfy the business records exception under Federal Rule of Evidence 803(6). This exception provides that "[a] record of an act, event, condition, opinion, or diagnosis" is not excluded by the rule against hearsay if:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Plaintiff contends that Parsons "only created notes like this regarding Plaintiff," and therefore, documenting an employee's performance was not a regularly conducted business activity and such evaluations were not recorded as a matter of regular practice. (Docket No. 58 at 3). In response, Defendant argues that Parsons documented her discussions with Plaintiff and emailed Hogan updates with summaries of same at his direction, which was consistent with Hogan's standard practice when an employee who reports directly to him experiences performance issues with an employee they manage. (Docket No. 63 at 2). Defendant also highlights that Parsons testified that "she kept detailed notes regarding Plaintiff because [she] was the only person on her team with 'consistent performance or work quality issues.'" *Id.* (quoting Docket No. 46-5 at 58, Parsons Dep. 227:4). Finally, Defendant acknowledges that Exhibit 10 does not fit within the business record exception, but it maintains that Plaintiff's own statements from that document are party-opponent admissions and not hearsay under Rule 801(d)(2). *Id.* at 1.

In this Court's estimation, Defendant has sufficiently explained "the admissible form" of Exhibits 4, 5, and 10 that is anticipated such that the Court may consider them at the summary judgment stage. *FOP*, 842 F.3d at 238. In other words, Plaintiff has "failed to show either methods or circumstances of preparation that indicate a lack of trustworthiness" and would warrant the exclusion of these exhibits from the Court's consideration. *Parish v. UPMC Univ. Health Ctr. of Pittsburgh*, 373 F. Supp. 3d 608, 618 n.45 (W.D. Pa. 2019).

Here, Exhibits 4 and 5 are Parsons' contemporaneous notes and communications she personally made in the ordinary course and scope of her supervisory position, which she kept and shared with her manager and HR at Hogan's direction. (Docket Nos. 46-5 at 39, 46-3 at 12). Hogan affirmed that instructing Parsons to do so is his standard practice when one of his direct

4

reports is experiencing performance issues with an employee they manage. (Docket No. 63 at 2). Although Plaintiff emphasizes that Parsons only documented her discussions with Plaintiff, there is no indication that Parsons received similar directions from Hogan with respect to any other employee. (Docket No. 46-5 at 58). Defendant explained that Plaintiff was the only person on the team with consistent performance or work quality issues, so Hogan only asked Parsons to keep him updated with respect to her. (Docket No. 46-5 at 58). Accordingly, Parsons' and Hogan's testimony has sufficiently authenticated Exhibits 4 and 5 as business records under Rule 803(6). *See Thomas v. Bronco Oilfield Servs.*, 503 F. Supp. 3d 276, 291 n.11 (W.D. Pa. 2020) ("It appears Brouillette sent the email in the course of evaluating, with the head of HR, whether to fire Krenzelak and Pressley, which is a regular business activity. Nothing suggests that it was not the HR department's regular practice to discuss such matters via email.").

As for Exhibit 10, these are Parsons' personal notes she created in advance of her discussion with Plaintiff. Many of the statements contained therein were made by Plaintiff, such that they are not hearsay and admissible as statements of a party-opponent. *See* Fed. R. Evid. 801(d)(2)(A) (providing that a statement "offered against an opposing party" that "was made by the party in an individual or representative capacity" is not hearsay). In fact, many of the statements in all three exhibits are Plaintiff's own statements and admissible under Rule 801(d)(2)(A). Although Exhibit 10 is not proffered as a business record, Parsons testified regarding the content of these notes at her deposition and there is no indication that she would be unavailable to do the same at trial. *See* Docket No. 46-5 at 38, Parsons Dep. 148:4–149:1. Therefore, the Court is satisfied that Parsons' statements in Exhibit 10 are capable of being admissible at trial and are appropriate for consideration at the summary judgment stage. *See Meigs v. Care Providers Ins. Servs., LLC*, No. CV 21-867, 2023 WL 187494, at *7 (E.D. Pa. Jan. 13,

2023) ("While the text messages and email themselves may be inadmissible hearsay, their authors will testify at trial about their content. Therefore, the text messages and email can be considered at the summary judgment stage.").

Finally, it appears that Exhibits 4, 5, and 10 are "[d]ocuments on which an employer relie[d] in making a termination decision," which "are regularly admitted in evidence to show the state of mind of the person making the employment decision." *LaRochelle v. Wilmac Corp.*, No. CV 12-5567, 2017 WL 4475964, at *4 (E.D. Pa. Sept. 26, 2017). In one employment case where a plaintiff lodged a similar hearsay objection to the evidence proffered by the defense at summary judgment, the Court explained:

> Defendant argues that evidence documenting the events leading up to [Plaintiff's] termination are offered not to prove the truth of the matter asserted (i.e. that [Plaintiff] actually did what [his supervisors] say he did), but to show [Defendant's] representatives' state of mind—how Plaintiff's superiors perceived of his behavior and what documents they relied on when [his supervisor], human resources, and [Defendant's] legal counsel decided to terminate Plaintiff's employment. This is an acceptable non-hearsay use for this evidence where, as in discrimination cases, what matters is not "the truth of the allegations against plaintiff" but instead "what motivated the employer." *McPherson v. New York City Dept. of Educ.*, 457 F.3d 211, 216 (2d Cir.2006) (citing *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983)). This non-hearsay use renders the evidence admissible.

*Teubert v. SRA Int'l, Inc.*, 192 F. Supp. 3d 569, 578–79 (D.N.J. 2016). Similarly here, Exhibits 4, 5, and 10 are largely not offered to prove whether Plaintiff actually underperformed precisely as Parsons outlined therein, but to show her supervisor's state of mind when she terminated Plaintiff. Such information in "written and typed notes" such as these is "routinely (and logically) . . . the type relied upon by employers when assessing performance in certain industries." *Bendik v. PNC Bank*, No. CV 19-1276, 2021 WL 2685744, at *3 (W.D. Pa. June 30, 2021). As such, to the extent Defendant offers Exhibits 4, 5, and 10 to demonstrate Parsons' state of mind and the documents she relied upon in terminating Plaintiff, they are admissible for a non-hearsay purpose. *See*

6

*Larochelle v. Wilmac Corp.*, 769 F. App'x 57, 65 (3d Cir. 2019) (quoting *United States v. Edwards*, 792 F.3d 355, 357 n.2 (3d Cir. 2015) ("[B]ecause Defendants offered these statements 'to explain why' they terminated Shearer, that is, 'for the statements' effect on the listener—those statements [were] not offered for their truth.  Therefore, they [are] admissible for a non-hearsay purpose.'"). Accordingly, the Court will consider Exhibits 4, 5, and 10 in deciding Defendant's motion for summary judgment.

For the reasons set forth above, Plaintiff's hearsay objections to Exhibits 4, 5, and 10 are OVERRULED.  An appropriate order follows.

*/s Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated: March 30, 2026

cc/ecf: All counsel of record